CASE 24—PETITION EQUITY—JANUARY 5.

## Burgess vs. Burgess.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. Where, after a suit for divorce had been prepared for trial, the parties became reconciled, it was proper to make an allowance against the husband to pay the wife's counsel, she having been the aggrieved party.

2. An allowance of $300 to *two firms* of lawyers held to be unreasonable.

Burgess vs. Burgess.

J. WEIR for appellant.

SWEENEY, WALL & RAY for appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Although the unfortunate difficulties which existed between the husband and wife, and which had resulted in a divorce suit, had been happily terminated by a reconciliation after the case had been prepared for trial, yet it was right to make a proper allowance against the husband, regarding his pecuniary ability and position in society, to pay the attorneys who conducted the suit for the wife, she being the aggrieved party. It was, however, erroneous to make an allowance to a multiplicity of attorneys. A reasonable compensation to pay a competent attorney, is all that the statute contemplates.

The evidence of two attorneys, Swope and Kincheloe, both stated that either firm of attorneys were fully competent to manage Mrs. Burgess's suit, and that two hundred dollars would be a reasonable compensation for their services. Still the court allowed to each of the two firms of attorneys one hundred and fifty dollars. The policy of the law does not tolerate the oppression of the husband by an allowance to unnecessary legal counsel.

The husband being worth some $20,000, we cannot say that $200 would be an extravagant allowance against him to pay his wife's counsel.

Wherefore, the judgment is reversed, with directions to the court below to allow, not exceeding $200, as compensation to all of the counsel for Mrs. Burgess.